```
JOHN R. MAYER (#197765)
JOHN R. MAYER, APLC
2550 Fifth Avenue, Suite 520
San Diego, California 92103
Phone: (619) 794-2651
Fax: (619) 794-2653

MATTHEW P. TYSON (#178427)
ZACHARY T. TYSON (#211185)
TYSON & TYSON, LLP
2550 Fifth Avenue, 9th Floor
San Diego, California 92103
Phone: (619) 237-9292
Fax: (619) 615-2173

Attorneys for PAULA HILL
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA HILL,<br><br>            Plaintiff,<br><br>     versus<br><br>RINCON BAND OF LUISENO INDIANS;<br>TUUKUT SASS; ROB SHAFER; and DOE 1<br>through DOE 10,<br><br>            Defendants. | Case No. 06 CV 2544 JAH POR<br><br>PAULA HILL'S COMPLAINT FOR:<br><br>1.  CIVIL RIGHTS VIOLATION;<br><br>2.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND<br><br>3.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |

PAULA HILL alleges:

### PARTIES, JURISDICTION, AND VENUE

1. PAULA HILL ("MS. HILL") is an individual residing in San Diego County, California.

2. RINCON BAND OF LUISENO INDIANS ("RINCON") is a foreign state within the boundaries of San Diego County, California.

1

PAULA HILL'S COMPLAINT

3. On information and belief, TUUKUT SASS ("MR. SASS") is an individual residing within the foreign state of RINCON.

4. On information and belief, ROB SHAFER ("MR. SHAFER") is an individual residing within San Diego County, California.

5. The true names and capacities of DOE 1 through DOE 10 are unknown, and MS. HILL will seek leave to amend this complaint to set forth the true names and capacities thereof when they have been ascertained.

6. On information and belief, each of the fictitiously named defendants is responsible for, or has contributed to, the matters giving rise to the relief sought herein.

7. On information and belief, each DOE defendant was an agent or employee of RINCON and was acting within the scope and authority of their agency or employment.

8. The causes of action stated herein are based in significant part upon tortious acts directed towards MS. HILL in San Diego County, California.

9. The causes of action stated herein are based in significant part upon commercial activity by RINCON having a direct effect upon MS. HILL within San Diego County, California.

10. The causes of action stated herein are based in significant part upon crimes of violence motivated by gender committed by RINCON or its agents, including each defendant, and directed towards MS. HILL.

///

1    11.  MS. HILL tendered a claim to, and sought to commence an action in, RINCON within 1 year of her termination, but RINCON failed and affirmatively refused to provide any forum whatsoever, as required by the 1999 Tribal-State Gaming Compact, or otherwise, to hear any claim by MS. HILL.

12.  RINCON has waived its sovereign immunity, either explicitly, by implication, or by the nature of the conduct of RINCON and its agents, including each defendant, directed towards MS. HILL.

13.  MS. HILL seeks an award of damages in an amount exceeding $75,000.

## GENERAL ALLEGATIONS

14.  In August 2003, RINCON hired MS. HILL as a water technician. During the course of her employment, MS. HILL was in charge of overseeing the water quality of all tribal water, including the water supplying the Harrah's Casino in RINCON.

15.  During the course of her employment, MS. HILL was the target of offensive, threatening, and dangerous conduct by male co-workers, including MR. SASS and each DOE defendant.  The conduct included:

   a.  Making sexual gestures and advances towards MS. HILL, including, but not limited to, the offer of money in exchange for sex;

   b.  Urinating on MS. HILL's car tire, then chasing MS. HILL with an exposed penis and trapping MS. HILL against a hard surface and pushing and undulating the penis against MS. HILL's backside;

   c.  Spitting on, and touching, MS. HILL;

1          d.   Making derogatory, lewd, and vulgar comments, and gender and sexual orientation slurs, towards MS. HILL;

           e.   Aiming and firing a shotgun towards MS. HILL while she was driving in her car;

           f.   Later telling MS. HILL that the shotgun that was fired towards her was the same shotgun used to kill MARLEEN MAGEE, a woman recently murdered at RINCON; and

           g.   Placing telephone calls to MS. HILL's residence and leaving threatening, harassing, and intimidating messages for MS. HILL.

16.   The conduct spanned roughly 18 months, and included acts both in RINCON and in San Diego County, California.

17.   MS. HILL, a divorcee with a minor daughter, had no financial alternative but to continue working.

18.   During the course of her employment, MS. HILL repeatedly told her assailants that their conduct was unwelcome and harmful, she made repeated attempts to avoid her assailants, and she also made several complaints to her supervisors, but RINCON took no steps to curtail the conduct. For example, MS. HILL on several occasions reported her assailants' conduct to MR. SHAFER, RINCON's Tribal Administrator, and KRISTIE OROSCO, RINCON's EPA Director.

19.   On information and belief, RINCON never addressed MS. HILL's serious concerns about the work environment, and MR. SHAFER never brought her complaints to the attention of the tribal council.

1    20.  Ultimately, as a result of Defendants' conduct, MS. HILL
2 suffered an emotional breakdown and could not work at RINCON any longer.
3 Due to her breakdown, MS. HILL stopping working for RINCON in July 2005
4 and was forced to tender her resignation in October 2005.  MS. HILL has
5 been and is still on medication as a result of the breakdown caused by
6 Defendants' conduct.  Such conduct also caused MS. HILL to be fearful for
7 her life and fearful for her daughter's safety.  These fears in turn
8 adversely affected MS. HILL's relationship with her daughter, as MS. HILL
9 was afraid to bring her daughter to her residence and consequently they
10 saw much less of each other.

11    21.  RINCON also required MS. HILL to repeatedly carry chlorine in
12 her car instead of allowing her to utilize a vehicle appropriate for such
13 purpose.  RINCON promised to provide a suitable vehicle but never did so,
14 despite MS. HILL's repeated requests.  As a result, Ms. Hill inhaled
15 concentrated chlorine fumes inside her personal RAV4 automobile, which
16 did not have a separate bed or trunk.

17    22.  Defendants either intentionally created or knowingly permitted
18 working conditions that were so intolerable or aggravated at the time of
19 MS. HILL's resignation that a reasonable employer would realize that a
20 reasonable person in the position of MS. HILL would be compelled to
21 resign.
22 ///
23 ///
24 ///

FIRST COUNT FOR CIVIL RIGHTS VIOLATION

(PAULA HILL versus
RINCON BAND OF LUISENO INDIANS; TUUKUT SASS; ROB SHAFER;
and DOE 1 through DOE 10)

23. Paragraphs 1 through 22 are realleged.

24. Each defendant to this count has engaged in, or facilitated, adopted, ratified, approved, or authorized, conduct which constitutes a crime of violence against MS. HILL that was motivated by gender, as defined by Title 42, United States Code § 13981.

25. MS. HILL suffered serious emotional distress.

26. The conduct was a substantial factor in causing MS. HILL's serious emotional distress.

27. As a result of the conduct, MS. HILL has suffered, and continues to suffer, compensatory damages in an amount to be proven at trial.

28. The conduct was done maliciously, oppressively, and/or fraudulently, entitling MS. HILL to an award of exemplary and punitive damages.

SECOND COUNT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(PAULA HILL versus
RINCON BAND OF LUISENO INDIANS; TUUKUT SASS; ROB SHAFER;
and DOE 1 through DOE 10)

29. Paragraphs 1 through 22 are realleged.

30. Defendants to this count acted outrageously, or with a reckless disregard of the probability that MS. HILL would suffer emotional distress, knowing that she was present when the act occurred.

6
PAULA HILL'S COMPLAINT

31. RINCON adopted, ratified, approved, or authorized the conduct.

32. MS. HILL suffered serious emotional distress.

33. The conduct was a substantial factor in causing MS. HILL's serious emotional distress.

34. As a result of the conduct, MS. HILL has suffered, and continues to suffer, compensatory damages in an amount to be proven at trial.

35. The conduct was done maliciously, oppressively, and/or fraudulently, entitling MS. HILL to an award of exemplary and punitive damages.

### THIRD COUNT FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(PAULA HILL versus
RINCON BAND OF LUISENO INDIANS; TUUKUT SASS; ROB SHAFER;
and DOE 1 through DOE 10)

36. Paragraphs 1 through 22 are realleged.

37. Defendants to this count were negligent.

38. RINCON adopted, ratified, approved, or authorized the conduct.

39. MS. HILL suffered serious emotional distress.

40. The negligence was a substantial factor in causing MS. HILL's serious emotional distress.

41. As a result of the conduct, MS. HILL has suffered, and continues to suffer, compensatory damages in an amount to be proven at trial.

///

///

1  WHEREFORE, PAULA HILL prays for judgment against RINCON BAND OF
2  LUISENO INDIANS; LOUIS SASS; ROB SHAFER; and DOE 1 through DOE 10, in the
3  form of special damages; general damages; statutory damages; punitive and
4  exemplary damages; costs of suit; attorney fees; interest at the legal
5  maximum rate; and such other and further relief as the court deems fair.

6                              <u>JURY DEMAND</u>
7      MS. HILL hereby demands a trial by jury.

8                              Respectfully submitted,
9
10 Dated: November 17, 2006    JOHN R. MAYER, APLC
11                             TYSON & TYSON, LLP
12
13                             By: _____
                                   JOHN R. MAYER
                                   MATTHEW P. TYSON
14                                 ZACHARY T. TYSON
                                   Attorneys for PAULA HILL

8
PAULA HILL'S COMPLAINT

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Paula Hill

**DEFENDANTS**
Rincon Band of Luiseno Indians; Tuukut Sass; Rob Shafer; and Doe 1 through Doe 10

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
John R. Mayer
2550 Fifth Avenue., Suite 520
San Diego, CA 92103
(619) 794-2651

**ATTORNEYS (IF KNOWN)**
'06 CV 2544    JAH POR

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- 1 U.S. Government Plaintiff
- 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | [X] 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 1332.

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| 110 Insurance | 310 Airplane | 362 Personal Injury- Medical Malpractice | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reappointment |
| 120 Marine | 315 Airplane Product Liability | | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 320 Assault, Libel & Slander | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | 430 Banks and Banking |
| 140 Negotiable Instrument | 330 Federal Employers' Liability | | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment &Enforcement of Judgment | | 368 Asbestos Personal Injury Product Liability | 640 RR & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | 660 Occupational Safety/Health | SOCIAL SECURITY | 810 Selective Service |
| 153 Recovery of Overpayment of Veterans Benefits | 350 Motor Vehicle | 370 Other Fraud | 690 Other | 861 HIA (13958) | 850 Securities/Commodities Exchange |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | LABOR | 862 Black Lung (923) | 875 Customer Challenge 12 USC |
| 190 Other Contract | [X] 360 Other Personal Injury | 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | | 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 740 Railway Labor Act | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Tort to Land | 444 Welfare | 535 Death Penalty | | | 950 Constitutionality of State |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | | | 890 Other Statutory Actions |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
[X] 1 Original Proceeding   2 Removal from State Court   3 Remanded from Appelate Court   4 Reinstated or Reopened   5 Transferred from another district (specify)   6 Multidistrict Litigation   7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $ 1,000,000    Check YES only if demanded in complaint: JURY DEMAND: [X] YES   NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE ___   Docket Number ___

DATE 11/17/06    SIGNATURE OF ATTORNEY OF RECORD [signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

131882  $350.00

```
UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 131882 - A3
November 17, 2006

Code        Case #        Qty      Amount

CV086900  3-06-CV-2544              60.00 C
  Judge   - HOUSTON
CV510000                           190.00 CH
 0086400                           100.00 CH


Total->                         350.00


FROM: CIVIL FILING
      PAULA HILL V RINCON BAND OF
      LUISENO INDIANS ET AL
      BC 1177, LJ
```