Mark Radoff
California Bar No. 119311
California Indian Legal Services
609 S. Escondido Blvd.
Escondido, CA 92025
Phone: (760) 746-8941
Fax: (760) 746-1815

Stephanie Zehren-Thomas
Colorado Bar No. 36791
*Admitted Pro Hac Vice*
Hester & Zehren, LLC
1900 Plaza Drive
Louisville, CO 80027
Phone: (303) 673-9600
Fax: (303) 673-9155 or -9839

Attorneys for Defendant Rincon Band of Luiseno Mission Indians

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA HILL,<br><br>                      Plaintiff,<br><br>     vs.<br><br>RINCON BAND OF LUISENO INDIANS; TUUKUT SASS; ROB SHAFER; AND DOE 1 through 10,<br><br>               Defendants.<br><br>_____ | Civil No. 06cv2544 JAH-POR<br><br>**DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Hearing:<br>Date: August 6, 2007<br>Time: 2:30 p.m.<br>Place: 940 Front Street<br>       San Diego, CA 92101<br>Judge: Hon. John A. Houston<br>       Courtroom 11, 2nd Floor<br><br>**ORAL ARGUMENT NOT REQUIRED** |

DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

06cv2544 JAH-POR

# TABLE OF CONTENTS

Page

INTRODUCTION AND BACKGROUND .................................................................................. 1

ARGUMENT ................................................................................................................................ 2

The Only New Allegation in the Amended Complaint, that Rincon Violated
"Basic Human Rights Under International Law," Does Not Establish Subject Matter
Jurisdiction ................................................................................................................................ 2

    A.    *International Human Rights Law Is Not a Proper Basis for Subject Matter
    Jurisdiction in This Employment Dispute Against an Indian Tribe*.................3

    B.    *Plaintiff's Claims Under the United Nations Charter and the Universal
    Declaration of Human Rights Are Patently Without Merit*…........................5

CONCLUSION………………………………………………………………………….. 8

CERTIFICATE OF SERVICE ................................................................................................. 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

06cv2544 JAH-POR

# **TABLE OF AUTHORITIES**

**Page**

**Cases:**

Barker-Hatch v. Viejas Group Baron Long Capitan Grande Band of Digueno Mission
 Indians of the Viejas Group Reservation, 83 F. Supp. 2d 1155 (S.D. Cal. 2000)................. 5

Blatchford v. Native Vill. of Noatak, 501 U.S. 775 (1991) ............................................. 4

Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251 (9th Cir. 1997) ............................... 6

Caterpillar, Inc. v. Williams, 482 U.S. 386 (U.S. 1987) ................................................ 5

Cherokee Nation v. Georgia, 30 U.S. 1 (1831) ............................................................... 4

Duke Power Co. v. Carolina Envtl. Study Group, 438 U.S. 59 (1978)............................... 6

Ethridge v. Harbor House Rest., 861 F.2d 1389 (9th Cir. 1988) .................................... 5

Jogi v. Voges, 425 F.3d 367 (7th Cir. 2005) ................................................................. 8

Patrickson v. Dole Food Co., 251 F.3d 795 (9th Cir. 2001)............................................. 6

Sosa v. Alvarez-Machain, 542 U.S. 692 (2004) ................................................... 6, 7, 8

Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221
 (9th Cir. 1989) ........................................................................................................ 5

Tel-Oren v. Libyan Arab Republic, 726 F.2d 774 (D.C. Cir. 1984)................................... 8

United States v. Morrison, 529 U.S. 598 (2000) ........................................................... 1

Yokeno v. Mafnas, 973 F.2d 803 (9th Cir. 1992)............................................................. 6

**Statutes:**

28 U.S.C. § 1251(b) ..................................................................................................... 6

28 U.S.C. § 1330............................................................................................................ 6

28 U.S.C. § 1331......................................................................................................... 3, 5

ii

DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

06cv2544 JAH-POR

**Statutes (cont.):**

28 U.S.C. § 1346(b)(1)...........................................................................................7

28 U.S.C. § 1350...........................................................................................6, 7

28 U.S.C. § 1351...........................................................................................6

42 U.S.C. § 13981...........................................................................................1, 3

Fed. R. Civ. P. 10(c) ...........................................................................................2

Fed. R. Civ. P. 12(b)(1)...........................................................................................1

**Other Authorities:**

Felix S. Cohen, Handbook of Federal Indian Law § 4.02(1) (2005 ed.)...........................4

Humphrey, "The UN Charter and the Universal Declaration of Human Rights," in
   The International Protection of Human Rights 39, 50 (E. Luard ed. 1967) ........................6

Restatement (Third) of the Foreign Relations Law of the U.S. § 201........................... .3, 4

DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

06cv2544 JAH-POR

## INTRODUCTION AND BACKGROUND

In this action, Plaintiff sued Defendant "Rincon Band of Luiseno Indians" ("Rincon" or "Tribe"), a federally recognized Indian Tribe.  Plaintiff also sued Tuukut Sass, Rob Shafer, and Doe 1 through Doe 10, who, Plaintiff asserts, were agents or employees of the Tribe and were acting within the scope and authority of their agency or employment at all relevant times.  Plaintiff's original complaint sought relief for alleged civil rights violations under the Violence Against Women Act, 42 U.S.C. § 13981, for intentional infliction of emotional distress, and for negligent infliction of emotional distress arising out of conduct that allegedly occurred while Plaintiff was an employee of the Tribe.

On January 12, 2007, Rincon filed a motion to dismiss Plaintiff's complaint because the complaint failed to establish diversity or federal question jurisdiction and because the action is barred by Rincon's tribal sovereign immunity.  Doc. No. 8.  Rincon pointed out that the only federal question asserted in Plaintiff's complaint was a provision of the Violence Against Women Act, 42 U.S.C. § 13981, that was declared unconstitutional by the Supreme Court in United States v. Morrison, 529 U.S. 598 (2000), six years before the complaint was filed.  Doc. No. 8 at 3, 6-10.  Rincon also cited to the well-established Ninth Circuit authority holding that Indian tribes are not citizens for purposes of diversity jurisdiction.  Id. at 6.  Finally, Rincon argued that the Plaintiff's claims are barred by Rincon's sovereign immunity.  Id. at 10-15.

At the hearing on March 8, 2007, this Court granted Rincon's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), without prejudice.  Doc. No. 14.  This Court gave the Plaintiff sixty (60) days in which to file and serve an amended complaint which complies with the Federal Rules of Civil Procedure.  Id.  This Court ordered that "[i]f Plaintiff's amended complaint still fails to establish subject matter jurisdiction for this Court, it will be

1

DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

06cv2544 JAH-POR

dismissed with prejudice and without any further leave to amend." Id.

On May 9, 2007, Plaintiff filed an amended complaint. The only new claim in the amended complaint is alleged "violations of basic human rights under international law." See Amended Complaint ¶¶ 9-10, 34-38. Plaintiff's vague references to international human rights law do not establish subject matter jurisdiction. As has been thoroughly briefed (see Rincon's Motion to Dismiss, Doc. No. 8, and Reply to Opposition to Motion to Dismiss, Doc. No. 12), Plaintiff has not shown that there is diversity or federal question jurisdiction over this suit. Furthermore, the sovereign immunity of Rincon, a federally-recognized Indian tribe, bars Plaintiff's claims. Rincon therefore moves this Court for dismissal of Plaintiff's amended complaint with prejudice.

Pursuant to Fed. R. Civ. P. 10(c), Rincon hereby incorporates by reference as though fully set forth herein Defendant Rincon Band of Luiseno Mission Indians' Notice of Motion and Motion to Dismiss and supporting Memorandum, filed on January 12, 2007 (Doc. No. 8), and the Reply to Plaintiff's Opposition to Dismiss, filed on March 1, 2007 (Doc. No. 12), as well as all exhibits submitted in support thereof.

## **ARGUMENT**

### **The Only New Allegation in the Amended Complaint, that Rincon Violated "Basic Human Rights Under International Law," Does Not Establish Subject Matter Jurisdiction.**

This Court specifically directed Plaintiff to amend the complaint to comply with the Federal Rules of Civil Procedure and to establish this Court's subject matter jurisdiction over Plaintiff's claims. Doc. No. 14. Plaintiff has not complied with this Court's Order.

Plaintiff's amended complaint is nearly identical to the complaint previously filed, and dismissed, except that Plaintiff omitted the claim under the unconstitutional provision of the

2

DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

06cv2544 JAH-POR

Violence Against Women Act, 42 U.S.C. § 13981, and has added a new allegation claiming that the "action is based upon violations of basic human rights under international law committed by RINCON and/or its agents, including each defendant, and directed toward MS. HILL" (see Amended Complaint, ¶ 9). As to subject matter jurisdiction, Plaintiff contends that:

> This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides federal question jurisdiction in cases arising under the Constitution and laws of the United States. International human rights law constitutes the law of the United States, under the established doctrine that customary international law is a part of the federal common law.

Amended Complaint, ¶ 10.[1] Plaintiff also added a "Third Count for Violation of Human Rights Under International Law," claiming that:

> The conduct of Defendants toward MS. HILL as alleged above violated MS. HILL'S basic human rights pursuant to federal norms of international law, as established in the United Nations Charter, the Universal Declaration of Human Rights, and other international human rights law sources, and which also arise under Federal common law.

Amended Complaint, ¶ 35.

### A. *International Human Rights Law Is Not a Proper Basis for Subject Matter Jurisdiction in This Employment Dispute Against an Indian Tribe.*

It is not clear how the allegations in the amended complaint in any way invoke *international* law or international relations. As a threshold matter, there is no international dispute here. All of the alleged acts took place within the territorial boundaries of the United States. Furthermore, Rincon is not a "state" for purposes of foreign relations law. See Restatement (Third) of the Foreign Relations Law of the U.S. § 201, comment (e) ("Capacity

---

[1] The other counts alleged in the amended complaint, Intentional and Negligent Infliction of Emotional Distress, are state law claims and therefore do not give rise to federal question jurisdiction. Accordingly, they are not addressed here. There are minor changes to the wording of those counts in the amended complaint.

DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

06cv2544 JAH-POR

to conduct international relations.  An entity is not a state [for purposes of foreign relations law] unless it has competence, within its own constitutional system, to conduct international relations with other states, as well as the political, technical, and financial capabilities to do so."); comment (g) ("<u>States of the United States</u>.  A State of the United States is not a state under international law since under the Constitution of the United States foreign relations are the exclusive responsibility of the Federal Government.  A State may not make treaties … or otherwise engage in or intrude upon foreign relations to any substantial extent.").  Like states of the United States, Indian tribes are not "states" for purposes of international law because they lack the authority to make treaties or engage in foreign relations.  <u>See</u> Felix S. Cohen, <u>Handbook of Federal Indian Law</u> § 4.02(1) (2005 ed.) ("a tribe's presence within the territorial boundaries of the United States subjects the tribe to federal legislative power and precludes the exercise of external powers of sovereignty of the tribe, such as its power to enter into treaties with foreign nations").

The amended complaint erroneously attempts to characterize Rincon as a "foreign state," apparently in an effort to invoke international law.  <u>See</u> Amended Complaint ¶ 2 (referring to as a "foreign state within the boundaries of San Diego County, California."), and ¶ 3 (again referring to "the foreign state of Rincon.").  In its previous motion to dismiss Rincon referred this Court to the long line of cases, stretching back to 1831, clearly establishing that Indian tribes are not "foreign states," but rather "domestic dependent nations."  <u>Cherokee Nation v. Georgia</u>, 30 U.S. 1, 17, 19-20 (1831) (also stating that "an Indian tribe or nation within the United States is not a foreign state in the sense of the constitution"); <u>see also</u> <u>Blatchford v. Native Vill. of Noatak</u>, 501 U.S. 775, 782 (1991)

DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

06cv2544 JAH-POR

(describing Indian tribes as domestic sovereigns); <u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1226 (9th Cir. 1989) ("Indian tribe is not a foreign state"); <u>Barker-Hatch v. Viejas Group Baron Long Capitan Grande Band of Digueno Mission Indians of the Viejas Group Reservation</u>, 83 F. Supp. 2d 1155, 1156 (S.D. Cal. 2000) ("it is clear that defendant [an unincorporated Indian tribe] is not a foreign state"); Doc. No. 8 at 6. Plaintiff's argument that international law principles should apply must therefore fail in the instant case because Rincon is not a "state" for purposes of foreign relations law.

### B.    *Plaintiff's Claims Under the United Nations Charter and the Universal Declaration of Human Rights Are Patently Without Merit.*

Moreover, the amended complaint's vague allegations of "human rights violations under international law" are insufficient to establish subject matter jurisdiction as a matter of law. As stated by the Supreme Court, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (U.S. 1987); <u>see also</u> <u>Ethridge v. Harbor House Restaurant</u>, 861 F.2d 1389, 1394 (9th Cir. 1988) (the existence of subject matter jurisdiction should be determined from the face of the complaint).

In the instant case, Plaintiff contends that "[t]his Court has jurisdiction pursuant to 28 U.S.C. § 1331" and alleges that the case arises under the laws of the United States because "customary international law is a part of federal common law." Amended Complaint at ¶ 10. As previously described in Section A, <u>supra</u> at 3-5, international human rights law is not a proper basis for subject matter jurisdiction in this employment dispute against Rincon, an

DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

06cv2544 JAH-POR

Indian tribe. Moreover, not every potential international law claim gives rise to federal question jurisdiction. The Ninth Circuit has explained, "Congress has not … extend[ed] federal-question jurisdiction to all suits where the federal common law of foreign relations might arise as an issue." Patrickson v. Dole Food Co., 251 F.3d 795, 803 (9th Cir. 2001). Rather, Congress has provided federal jurisdiction only in certain cases implicating foreign relations. Id., citing 28 U.S.C. § 1251(b)(1) (suits where ambassadors or other foreign government officials are parties); 28 U.S.C. § 1351 (suits against foreign consuls or other diplomatic personnel); 28 U.S.C. § 1330 (suits against a foreign state); 28 U.S.C. § 1350 (suits brought by an alien for a tort committed in violation of international law).

In the present case, even interpreting the amended complaint liberally, the new count of "human rights violation under international law" is vague and fails to point to any specific international law that is alleged to have been violated. See e.g., Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) ("a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.") (citations omitted).

Furthermore, federal question jurisdiction is unavailable if the federal claim upon which it is based is patently without merit. Yokeno v. Mafnas, 973 F.2d 803, 808 (9th Cir. 1992), citing Duke Power Co. v. Carolina Envtl. Study Group, 438 U.S. 59, 70-71 (1978). The purported "fundamental norms of international law" alleged to have been violated are those "established in the United Nations Charter, the Universal Declaration of Human Rights, and other international human rights law sources." Amended Complaint at ¶ 35.

These claims are patently without merit and should be dismissed.

The Supreme Court has explicitly held that the Universal Declaration of Human Rights (Declaration) "does not of its own force impose obligations as a matter of international law." Sosa v. Alvarez-Machain, 542 U.S. 692, 734-735 (2004), citing Humphrey, "The UN Charter and the Universal Declaration of Human Rights," in The International Protection of Human Rights 39, 50 (E. Luard ed. 1967) (quoting Eleanor Roosevelt, who called the Declaration "a statement of principles . . . setting up a common standard of achievement for all peoples and all nations" and "not a treaty or international agreement . . . impos[ing] legal obligations"). In Sosa, the Supreme Court expressly held that the Declaration could not itself "establish the relevant and applicable rule of international law." 542 U.S. at 735.[2] As stated by the Court:

> Whatever may be said for the broad principle Alvarez advances, in the present, imperfect world, it expresses an aspiration that exceeds any binding customary rule having the specificity we require. Creating a private cause of action to further that aspiration would go beyond any residual common law discretion we think it appropriate to exercise.

---

[2] The plaintiff's case in Sosa was perhaps more convincing than that presented here because the plaintiff was alleging a violation of a specific article of the Declaration, Article 9, which provides: "No one shall be subjected to arbitrary arrest, detention or exile." 542 U.S. at 734. The plaintiff in Sosa (Alvarez) was a Mexican alien who claimed that his rights under the Declaration were violated after the United States Drug Enforcement Agency collaborated with a group of Mexican nationals to seize Alvarez and bring him to the United States for trial. The group of Mexican nationals abducted Alvarez from his house, held him overnight in a motel, and then brought him by private plane to the United States, where he was arrested by federal officers. Id. at 698. In bringing suit for false arrest and violation of the law of nations, Alvarez relied upon the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), and the Alien Tort Statute (ATS), 28 U.S.C. § 1350, as well as Article 9 of the Declaration and other rules of customary international law. In contrast, in the instant case, Hill has not even pointed to a specific Article of the Declaration that is alleged to have been violated, let alone pointed to any cognizable cause of action under customary international human rights law.

Id. at 738. The Court therefore found that the allegations purportedly arising under the Declaration and other international human rights law sources "violate[] no norm of customary international law so well defined as to support the creation of a federal remedy." Id.; see also Jogi v. Voges, 425 F.3d 367, 373 (7th Cir. 2005) ("The Universal Declaration is nothing more than that--a declaration adopted by the U.N. General Assembly with no positive force of law."), withdrawn on other grounds, substituted opinion at Jogi v. Voges, 480 F.3d 822 (7th Cir. 2007). In sum, under the Supreme Court's decision in Sosa, Plaintiff's claims clearly may not be based on the Universal Declaration of Human Rights.

Plaintiff's claims under the United Nations Charter are likewise patently without merit. Like the Declaration, much of the United Nations Charter is aspirational only. See Tel-Oren v. Libyan Arab Republic, 726 F.2d 774, 809 (D.C. Cir. 1984) ("Articles 1 and 2 [of the United Nations Charter] contain general 'purposes and principles,' some of which state mere aspirations and none of which can sensibly be thought to have been intended to be judicially enforceable at the behest of individuals."). Moreover, the United Nations Charter is not applicable here. That Charter addresses the respective governments that are members of the United Nations, calling upon them to fulfill in good faith their obligations as members. See id. The United Nations Charter "does not speak in terms of individual rights but impose[s] obligations on nations and on the United Nations itself." Id. It is hard to imagine how the United Nations Charter could possibly have any relevance in the instant employment dispute.

## CONCLUSION

For the reasons set forth above and in Defendant's Motion to Dismiss and supporting Memorandum, filed on January 12, 2007 (Doc. No. 8), and the Reply to Plaintiff's

DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

06cv2544 JAH-POR

Opposition to Dismiss, filed on March 1, 2007 (Doc. No. 12), Plaintiff's amended complaint should be dismissed. The law is clear: this Court lacks subject matter jurisdiction to adjudicate this dispute because there is neither diversity nor federal question jurisdiction. Moreover, the Tribe's sovereign immunity clearly bars Plaintiff's claims. The amended complaint does not cure the defects of the original complaint; the amended complaint still fails to establish subject matter jurisdiction. Pursuant to this Court's Order (Doc. No. 14), Plaintiff's amended complaint should be dismissed with prejudice and without any further leave to amend.

Even the most cursory research of the existing case law would have revealed that there is no basis for this action to be brought before this Court. Because none of the claims in the either the original or the amended complaint is cognizable before this Court under existing law, and because Plaintiff has submitted baseless, frivolous arguments in support of jurisdiction, Rincon respectfully requests that this Court award attorneys' fees and costs incurred in defending this suit.

Respectfully submitted this 29th day of May 2007.

CALIFORNIA INDIAN LEGAL SERVICES
Mark Radoff

-   and –

HESTER & ZEHREN, LLC
Stephanie Zehren-Thomas

By: __/s/Stephanie Zehren-Thomas _____

*Attorneys for Defendant*
RINCON BAND OF LUISENO INDIANS

9

DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

06cv2544 JAH-POR

## CERTIFICATE OF SERVICE

I hereby certify on this 29th day of May 2007 that the foregoing **Defendant Rincon Band of Luiseno Mission Indians' Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's Amended Complaint** was served via CM/ECF by electronic mail to:

    JOHN R. MAYER
    JOHN R. MAYER, APLC
    2550 Fifth Avenue, Suite 520
    San Diego, California  92103

and by United States mail, postage prepaid, to:

    MATTHEW P. TYSON
    ZACHARY T. TYSON
    TYSON & TYSON, LLP
    2550 Fifth Avenue, 9th Floor
    San Diego, California 92103

                                          /s/Stephanie Zehren-Thomas

DEFENDANT RINCON BAND OF LUISENO MISSION INDIANS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

06cv2544  JAH-POR