UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA HILL,<br><br>                Plaintiff,<br>v.<br><br>RINCON BAND OF LUISENO INDIANS, et al.<br><br>                Defendants. | Civil No. 06CV2544 JAH(POR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Now before this Court is Defendant Rincon Band of Luiseno Mission Indians' ("Defendant") motion to dismiss Plaintiff Paula Hill's ("Plaintiff") first amended complaint under Fed. R. Civ. P. 12(b)(1) and (b)(6).

## **BACKGROUND**

Plaintiff filed her complaint against Defendants Rincon Band of Luiseno Indians ("Rincon"), Tuukut Sass and Rob Shafer (collectively "Defendants") on November 17, 2006. Rincon's first motion to dismiss was granted on March 16, 2007. Doc. No. 5. This Court's order provided that if the amended complaint fails to establish subject matter jurisdiction, it will be dismissed with prejudice.

Plaintiff filed her first amended complaint against Defendants on May 9, 2007 seeking damages for intentional infliction of emotional distress, negligent infliction of emotional distress, and human rights violation under international law. Doc. No. 15. Plaintiff alleges that Rincon hired her as a water technician in August 2003, and that during the course of her

employment, she "was the target of offensive, threatening and dangerous conduct by male co-workers." *Amended Complaint*. at ¶ 14. The harassing conduct allegedly included making sexual gestures and advances, urinating on her car tire, spitting and touching Plaintiff, directing derogatory and lewd comments to Plaintiff, aiming and firing a shotgun at Plaintiff, and harassing and threatening Plaintiff with phone messages. *Id*. Plaintiff contends that the harassing conduct spanned over a period of eighteen months, and included acts on Rincon's property, as well as in the county of San Diego. *Id*. at ¶15.

Plaintiff further alleges that Rincon created and forced Plaintiff to work in a dangerous environment by requiring her to transport concentrated chlorine in her personal vehicle. *Amended Complaint* at ¶ 20. Plaintiff claims that this behavior and environment caused her to suffer an emotional breakdown, where she could no longer work with Rincon and was forced to stop working in July 2005, and eventually resigned in October 2005. *Id*. at ¶ 19. Plaintiff further asserts that complaints made to her supervisors were ignored, and that Defendant Shafer, Rincon's Tribal Administrator, never brought her complaints to the attention of the tribal council. *Id*. at ¶ 18.

The relevant new and revised allegations in the first amended complaint are as follows:

> 9. This action is based upon violations of basic human rights under international law committed by Rincon and/or its agents, including each defendant, and directed toward MS. HILL.

> 10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides federal question jurisdiction in cases arising under the Constitution and laws of the United States. International human rights law constitutes the law of the United States, under the established doctrine that customary international law is a part of the federal common law.

> 12. RINCON expressly waived its tribal sovereign immunity with respect to claims resulting from gaming-related activities. MS. HILL'S claims arise from gaming-related activities. RINCON also has no immunity from claims for violation of basic human rights under international law.

Further, Plaintiff deleted Count I for "civil rights violation" under the unconstitutional

provision of the Violence Against Women Act, 42 U.S.C. § 13981.  Plaintiff added Count III for "Violation of Human Rights Under International Law."  The relevant paragraph states:

> 35.  The conduct of Defendants toward MS. HILL as alleged above violated MS. HILL'S basic human rights pursuant to fundamental norms of international law, as established in the United Nations Charter, the Universal Declaration of Human Rights, and other international human rights law sources, and which also arise under Federal common law.

On May 29, 2007, Rincon filed a motion to dismiss the first amended complaint.  Doc. No. 17.  Plaintiff filed a response on July 23, 2007. Doc. No. 18.  Rincon filed a reply on July 30, 2007.  Doc. No. 19.

## **DISCUSSION**

**I.    Legal Standard**

**A.    Fed. R. Civ. P. 12(b)(1)**

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publishing Co. v. General Tel & Elect., 594 F.2d 730, 733 (9th Cir. 1979); *see also* Fed. R. Civ. P. 12(b)(1).  Subject matter jurisdiction exists under 28 U.S.C. § 1332 (diversity jurisdiction) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

"Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in doing so rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).  Thus, the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Id.

Defendants bring this motion as a "speaking motion" presenting a factual challenge to subject matter jurisdiction.  Therefore, this Court may consider extrinsic evidence on whether

jurisdiction exists and may resolve factual disputes if necessary. Thornhill, 594 F.2d at 733. Because Plaintiff bears the burden of establishing subject matter jurisdiction, no presumption of truthfulness attaches to the allegations of plaintiff's first amended complaint and the Court must presume it lacks jurisdiction until plaintiff establishes jurisdiction. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

**B.    Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Navarro, 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see also* Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534.

**II.   Analysis**

Rincon seeks to dismiss Plaintiff's first amended complaint based on: 1) lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); 2) failure to state a claim under Fed. R. Civ. P. 12(b)(6); and 3) sovereign immunity as a bar to Plaintiff's claims.

**A.    Subject Matter Jurisdiction**

Rincon asserts that Plaintiff's first amended complaint fails to provide grounds for this Court to assert either diversity or federal question jurisdiction in this matter.

1.    Diversity Jurisdiction

Rincon first contends that the addition of the new allegations in paragraphs 9, 10, and 35 set forth in full above, do not, as a matter of law, establish subject matter jurisdiction. Rincon asserts that changing the claim from one for civil rights violation to one for human

rights violations under international law does not confer subject matter or federal question jurisdiction in this case. This Court agrees. Plaintiff does not state a cognizable legal theory. Robertson, *749 F.2*d at 533-34. Assuming the facts pled in the amended complaint are accepted as true, Plaintiff has not provided any legal support that she has stated a viable human rights violation against the Defendant, which is an Indian Tribe.

Defendant Rincon, as a federally recognized Indian Tribe, is *not* a foreign state for purposes of diversity. Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1226 (9th Cir.1989), *citing* Cherokee Nation v. Georgia, 30 U.S. 1, 20, (1831). *See also* Barker-Hatch v. Viejas Group Baron Long Capitan Grande Bank of Digueno Mission Indians of the Viejas Group Reservations, 83 F. Supp 2d 1155, 1156 (S.D. Cal. 2000). Further, an unincorporated Indian tribe such as Rincon, is not a "citizen" of any state for purposes of diversity jurisdiction. Am. Vantage Cos. v. Table Mt. Rancheria, 292 F.3d 1091, 1095 (9th Cir. 2002). In Am. Vantage, the Ninth Circuit agreed with the First, Second, Eighth and Tenth Circuits in finding that "unincorporated Indian tribes cannot sue or be sued in diversity because they are not citizens of any state." 292 F.3d at 1095. Accordingly, "'the presence of an Indian tribe destroys complete diversity' because '[a]n Indian tribe ... is not considered to be a citizen of any state.'" Id., citing to Ningret Dev. Corp. v. Narragansett Indian Wetuomuch Hous. Auth., 207 F.3d 21, 27 (1st Cir. 2000). With the presence of Rincon in this suit, the basis for asserting diversity jurisdiction does not exist. This Court, therefore, finds that there is no diversity jurisdiction in this case because of lack of diversity of citizenship between Plaintiff and Defendants.

2. Federal Question

Rincon also asserts that there is no viable federal question upon which to base this Court's subject matter jurisdiction. Doc. no. 17, at 2-3. Plaintiff was given the opportunity to amend her complaint by Order of this court on March 16, 2007. Pursuant to that Order, if Plaintiff failed to establish subject matter jurisdiction for this court, Plaintiff's complaint will be "dismissed with prejudice and without any further leave to amend."

The allegations in the amended complaint do not invoke international law or refer to international relations. Plaintiff added a claim that the Rincon violated Plaintiff's basic human rights under fundamental norms of customary international law which arise under Federal common law. Doc. No. 18, at 3-4. These allegations do not provide an independent basis for jurisdiction by this Court. Plaintiff provides no authority for her claim that an Indian tribe is a foreign state for purposes of invoking international law.

For purposes of foreign relations law, Rincon is not a "state." See Restatement (Third) of the Foreign Relations Law of the U.S. §201, comment (e) "Capacity to conduct international relations." Indian tribes cannot engage in foreign relations; they lack authority to make treaties and are subject to federal legislative power. See Felix S. Cohen, Handbook of Federal Indian Law § 4.02(1) (2005 ed.). Plaintiff's claim of basic human rights violations under fundamental norms of international law is vague and provides no specific international law allegedly violated. *See e.g.* Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997).

The fundamental norms of international law that Plaintiff's alleges have been violated are those "established in the United Nations Charter, the Universal Declaration of Human Rights, and other international human rights law sources." *Amended Complaint* at ¶35. These claims lack legal authority. In Sosa v. Alvarez-Machain, 542 U.S. 692 (2004), the Supreme court held that the Universal Declaration of Human Rights does not impose obligations as a matter of international law, does not impose legal obligations as would a treaty or international agreement, and does not itself "establish the relevant and applicable rule of international law," but rather sets forth a "common standard of achievement for all peoples and all nations". . *Id.* at 734-735. The Supreme court found that the allegations under the Declaration did not violate customary international law "so well defined as to support creation of a federal remedy." *Id.*

Similarly, much of the United Nations Charter is aspirational. *See* Tel-Oren v. Libyan Arab Republic, 726 F.2d 774, 809 (D.C. Cir. 1984). The Charter does not speak in terms of individual rights but rather speaks about obligations on nations. None of the purposes and principles are intended to be judicially enforceable by individuals. *Id.*

This Court reviewed all the cases cited by Plaintiff in support of her arguments relating to the applicability of fundamental norms of customary international law to this case, and position that this Court should find the conduct of Rincon violates well-defined norms of customary international law and justifies a federal remedy. The fatal flaw in Plaintiff's claims under "international law" is that Rincon is not a foreign state.

Each case cited by Plaintiff involves the interests or laws of a foreign sovereign. Since at least 1831, the Supreme Court has held that Indian tribes are not "foreign nations" or "foreign states", but rather "domestic depend nations." Cherokee Nation, 30 U.S. at 17, 19-20; Montoya v. United States, 180 U.S. 261, 265 (U.S. 1901). The Ninth Circuit has followed suit and held that Indian tribes are not "foreign states." *See* Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006); Krystal Energy Co. v. Navajo Nation, 357 F.3d 1055, 1058 (9th Cir. 2004).

Rincon is not a "state" for purposes of international law. There is no authority cited by Plaintiff, and this court is not aware of any, that suggests or dictates that Indian tribes should be treated as foreign nations or foreign states for purposes of applying international human rights law. This Court therefore finds that international law principles do not apply in this case involving an employment claim against an Indian tribe.

### B. Waiver of Sovereign Immunity

Plaintiff makes a bare assertion that Rincon has waived its sovereign immunity. Amended Complaint at ¶12. The law is well established that a waiver of sovereign immunity must be unequivocal. *See* Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987); Allen, 464 F.3d at 1047. Further, it is well established precedent that claims by former tribal employees against the Tribe are barred by tribal sovereign immunity. *Id.* at 1045-47; Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1187 (9th Cir. 1998).

///
///
///

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion to dismiss Plaintiff's first amended complaint with prejudice is GRANTED.

DATED: August 22, 2007

HON. JOHN A. HOUSTON
United States District Judge